**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor,<br><br>        Plaintiffs,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA; ADVOCATE SHERMAN HOSPITAL, an Illinois corporation; TATIANA PEREIRA DACUNHA, M.D.; MARJORIE LYNN SEVERSON-LENOX, A.P.N.; ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE MEDICAL GROUP, an Illinois corporation; ASHOK KUMAR–MEHTA, M.D.; and, WELL CARE NEONATOLOGISTS, S.C., an Illinois corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Plaintiffs Demand Trial By Jury<br>)<br>)   Attorney's Affidavit Attached<br>)<br>)   Physicians' Affidavits Attached |

**COMPLAINT AT LAW**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through her attorneys, Burke Wise Morrissey & Kaveny, complaining of the defendants, state as follows:

**JURISDICTION AND VENUE**

1.     At all times to this action, GREATER ELGIN FAMILY CARE CENTER ("GEFCC") was a community health center which had been deemed an employee of the United States Public Health Service, pursuant to 42 U.S.C. §233(g)-(k).

2.     At all times relevant to this action, DIANE LYNN SMITH, C.N.M. was an employee of GEFCC.

3.     This Court has original jurisdiction over this matter pursuant to 28 USC § 1346(b), 2671-2680 and 42 U.S.C. § 233 (g)-(k), as the plaintiffs hereby made a civil claim against the United States, for money damages, for personal injuries caused by the negligent or wrongful act or omission of employees of GEFCC, a community health center which has been deemed an employee of the United States Public Health Service pursuant to 42 U.S.C. § 233(g)-(k).   (*See* Acknowledgement of Receipt of Administrative Claim, attached hereto as Exhibit A.)

4.     Pursuant to the Federal Tort Claims Act, 28 USC § 1346(b), 2671-2680, defendant, THE UNITED STATES OF AMERICA, is liable for personal injury or death caused by the negligent or wrongful acts and omissions of any deemed employee of the United States government while acting within the scope of their office or employment.

5.     On April 29, 2016, Plaintiff presented her claim to the United States Department of Health and Human Services, pursuant to 28 U.S.C. § 2675(a), and her claim was denied by the agency in writing and sent by certified mail on September 13, 2016.   (*See* Notice of Final Determination, attached hereto as Exhibit B.)

6.     Pursuant to 28 USC § 1367(a), this Court has supplemental jurisdiction over all other claims alleged herein because these claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution 28 U.S.C.A. § 1367 (West 2015).

7.      Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(e), as (i) all defendants reside in the district, (ii) a substantial part of the events or omissions giving rise to the claim occurred in this district, and (iii) the plaintiffs reside within the district.

## FACTS COMMON TO ALL CLAIMS

8.      That on or about June 17, 2015, ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), was a hospital organized and existing pursuant to the laws of the State of Illinois.

9.      That on or about June 17, 2015, and at all times material herein, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE MEDICAL GROUP ("ADVOCATE MEDICAL GROUP"), was an Illinois corporation organized and existing pursuant to the laws of the State of Illinois and was doing business in Cook County, Illinois.

10.      That on or about June 17, 2015, and at all times material herein, WELL CARE NEONATOLOGISTS, S.C. ("WELL CARE NEONATOLOGISTS"), was an Illinois corporation organized and existing pursuant to the laws of the State of Illinois and was doing business in Cook County, Illinois.

11.      That on or about June 17, 2015, and at all times material herein, defendant, DIANE LYNN SMITH, C.N.M. was a nurse midwife certified in the state of Illinois

12.      That on or about June 17, 2015, and at all times material herein, defendant, DIANE LYNN SMITH, C.N.M. was an employee, officer, agent, and/or apparent agent of GEFCC, a federally funded community health center.

13.      That on or about June 17, 2015, and at all times material herein, defendant, DIANE LYNN SMITH, C.N.M., was an employee, officer, agent, and/or apparent agent of ADVOCATE SHERMAN HOSPITAL.

14.     That on or about June 17, 2015, and at all times material herein, defendant, TATIANA PEREIRA DACUNHA, M.D. was a physician licensed to practice medicine in the State of Illinois.

15.     That on or about June 17, 2015, and at all times material herein, defendant, TATIANA PEREIRA DACUNHA, M.D., was an employee, officer, agent, and/or apparent agent of ADVOCATE MEDICAL GROUP.

16.     That on or about June 17, 2015, and at all times material herein, defendant, TATIANA PEREIRA DACUNHA, M.D., was an employee, officer, agent, and/or apparent agent of ADVOCATE SHERMAN HOSPITAL.

17.     That on or about June 17, 2015, and at all times material herein, defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N., was an advanced practice nurse certified to practice in the State of Illinois.

18.     That on or about June 17, 2015, and at all times material herein, defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N., was an employee, officer, agent, and/or apparent agent of ADVOCATE MEDICAL GROUP.

19.     That on or about June 17, 2015, and at all times material herein, defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N., was an employee, officer, agent, and/or apparent agent of ADVOCATE SHERMAN HOSPITAL.

20.     That on or about June 17, 2015, and at all times material herein, defendant, ASHOK KUMAR–MEHTA, M.D. was a physician licensed to practice medicine in the State of Illinois, specializing in neonatal-perinatal medicine.

21.     That on or about June 17, 2015, and at all times material herein, defendant, ASHOK KUMAR–MEHTA, M.D., was an employee, officer, agent, and/or apparent agent of WELL CARE NEONATOLOGISTS.

22.     That on or about June 17, 2015, and at all times material herein, defendant, ASHOK KUMAR–MEHTA, M.D., was an employee, officer, agent, and/or apparent agent of ADVOCATE SHERMAN HOSPITAL.

23.     That on and before June 17, 2015, and at all times material hereto, defendant, ADVOCATE SHERMAN HOSPITAL, held themselves out to the public and plaintiff, ALMA MANZANARES, as having skilled health care workers.

24.     That on or about June 17, 2015, plaintiff, ALMA MANZANARES, was 38.2 weeks pregnant.

25.     That on or about June 17, 2015, plaintiff, ALMA MANZANARES, was admitted to defendant, ADVOCATE SHERMAN HOSPITAL, for the purpose of management of her pregnancy.

26.     That on or about June 17, 2015, defendant, DIANE LYNN SMITH, C.N.M. was the attending midwife for plaintiff, ALMA MANZANARES.

27.     That on or about June 17, 2015, plaintiff, ALMA MANZANARES, underwent a vaginal delivery of her daughter, ALMA ADELINA ESPINOZA MANZANARES.

28.     That on or about June 17, 2015, plaintiff's minor, ALMA ADELINA ESPINOZA MANZANARES, received medical care and treatment from defendant, DIANE LYNN SMITH, C.N.M.

29. That on or about June 17, 2015, plaintiff's minor, ALMA ADELINA ESPINOZA MANZANARES, received medical care and treatment from defendant, TATIANA PEREIRA DACUNHA, M.D.

30. That on or about June 17, 2015, plaintiff's minor, ALMA ADELINA ESPINOZA MANZANARES, received medical care and treatment from defendant, ASHOK KUMAR-MEHTA, M.D.

31. That on or about June 17, 2015, plaintiff's minor, ALMA ADELINA ESPINOZA MANZANARES, received medical care and treatment from defendant, MARJOIRE LYNN SEVERSON-LENOX, A.P.N.

## COUNT I

**The United States of America – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, THE UNITED STATES OF AMERICA and its employee, DIANE LYNN SMITH, C.N.M. ("SMITH"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count I.

32. That on June 17, 2015, defendant, THE UNITED STATES OF AMERICA through its employee, SMITH, was negligent in one or more of the following respects:

    (a) Failed to come and assess Ms. Manzanares during the active stage of labor;

    (b) Failed to place an internal fetal scalp electrode at 8:39 p.m., during the second stage of labor;

    (c) Failed to monitor fetal well-being;

(d)    Failed to recognize the presence of fetal jeopardy during the course of labor; and,

(e)    Failed to perform appropriate maneuvers to relieve shoulder dystocia including corkscrew maneuver, performing a large episiotomy and delivering the posterior arm.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, THE UNITED STATES OF AMERICA through its employee, SMITH, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.    Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, THE UNITED STATES OF AMERICA through its employee, DIANE LYNN SMITH, C.N.M., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT II

### The United States of America – Medical Negligence – Family Expense Act

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, THE UNITED STATES OF AMERICA and its employee, DIANE LYNN SMITH, C.N.M. ("SMITH"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count II.

32.  That on June 17, 2015, defendant, THE UNITED STATES OF AMERICA through its employee, SMITH, was negligent in one or more of the following respects:

    (a)    Failed to come and assess Ms. Manzanares during the active stage of labor;

    (b)    Failed to place an internal fetal scalp electrode at 8:39 p.m., during the second stage of labor;

    (c)    Failed to monitor fetal well-being;

    (d)    Failed to recognize the presence of fetal jeopardy during the course of labor; and,

    (e)    Failed to perform appropriate maneuvers to relieve shoulder dystocia including corkscrew maneuver, performing a large episiotomy and delivering the posterior arm.

33.  That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, THE UNITED STATES OF AMERICA through its employee, SMITH, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.  As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, THE UNITED STATES OF AMERICA through its employee, DIANE LYNN SMITH, C.N.M., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT III

**Tatiana Pereira Dacunha, M.D. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, TATIANA PEREIRA DACUNHA, M.D. ("DACUNHA"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count III.

32.     That on June 17, 2015, defendant, DACUNHA, was negligent in one or more of the following respects:

    (a)     Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

    (b)     Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

    (c)     Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood

pressure and heart rate without documentation of progressive acidosis or parental consent.

33. That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, DACUNHA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34. Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, Tatiana Pereira Dacunha, M.D., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT IV

### Tatiana Pereira Dacunha, M.D. – Medical Negligence – Family Expense Act

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, TATIANA PEREIRA DACUNHA, M.D. ("DACUNHA"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count IV.

32. That on June 17, 2015, defendant, DACUNHA, was negligent in one or more of the following respects:

-10-

     (a)    Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

     (b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

     (c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, DACUNHA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.    As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.    Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, TATIANA PEREIRA DACUNHA, M.D., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT V

**Advocate Sherman Hospital – Agency – Tatiana Pereira Dacunha, M.D. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through her attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count V.

32. That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, was negligent in one or more of the following respects:

(a) Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b) Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c) Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33. That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE SHERMAN HOSPITAL, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT VI

**Advocate Sherman Hospital – Agency – Tatiana Pereira Dacunha, M.D. – Medical Negligence – Family Expense Act**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), states as follows:

1.-31.   Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count VI.

32.     That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, was negligent in one or more of the following respects:

(a)     Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)     Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

-13-

(c)     Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.     That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE SHERMAN HOSPITAL, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT VII

**Advocate Health and Hospitals Corporation, d/b/a Advocate Medical Group – Agency –
Tatiana Pereira Dacunha, M.D. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE MEDICAL GROUP ("ADVOCATE MEDICAL GROUP"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count VII.

32.    That on June 17, 2015, defendant, ADVOCATE MEDICAL GROUP, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, was negligent in one or more of the following respects:

(a)    Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE MEDICAL GROUP, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34. Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE MEDICAL GROUP, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT VIII

### Advocate Health and Hospitals Corporation, d/b/a Advocate Medical Group – Agency – Tatiana Pereira Dacunha, M.D. – Medical Negligence – Family Expense Act

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE MEDICAL GROUP ("ADVOCATE MEDICAL GROUP"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count VIII.

32. That on June 17, 2015, defendant, ADVOCATE MEDICAL GROUP, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, was negligent in one or more of the following respects:

(a) Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

-16-

(b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE MEDICAL GROUP, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, DACUNHA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.    As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.    Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE MEDICAL GROUP, for compensatory damages in an amount to be determined herein, for the

costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT IX

**Marjorie Lynn Severson-Lenox, A.P.N.– Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N. ("SEVERSON-LENOX"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count IX.

32.    That on June 17, 2015, defendant, SEVERSON-LENOX, was negligent in one or more of the following respects:

(a)    Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, SEVERSON-LENOX, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT X

## Marjorie Lynn Severson-Lenox, A.P.N. – Medical Negligence – Family Expense Act

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N. ("SEVERSON-LENOX"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count X.

32.     That on June 17, 2015, defendant, SEVERSON-LENOX, was negligent in one or more of the following respects:

(a)     Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)     Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)     Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.     That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, SEVERSON-LENOX, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, MARJORIE LYNN SEVERSON-LENOX, A.P.N., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XI

**Advocate Sherman Hospital – Agency – Marjorie Lynn Severson-Lenox, A.P.N. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE HEALTH AND

HOSPITALS CORPORATION, d/b/a ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), states as follows:

1.-31.   Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XI.

32.   That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, was negligent in one or more of the following respects:

(a)   Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)   Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)   Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.   That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.   Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE

SHERMAN HOSPITAL, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XII

**Advocate Health and Hospitals Corporation, d/b/a Advocate Sherman Hospital – Agency – Marjorie Lynn Severson-Lenox, A.P.N. – Medical Negligence – Family Expense Act**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XII.

32. That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, was negligent in one or more of the following respects:

 (a) Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

 (b) Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

 (c) Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33. That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE SHERMAN HOSPITAL, by and

through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE SHERMAN HOSPITAL, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**COUNT XIII**

**Advocate Health and Hospitals Corporation, d/b/a Advocate Medical Group – Agency – Marjorie Lynn Severson-Lenox, A.P.N. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE HEALTH AND

HOSPITALS CORPORATION, d/b/a ADVOCATE MEDICAL GROUP ("ADVOCATE MEDICAL GROUP"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XIII.

32.  That on June 17, 2015, defendant, ADVOCATE MEDICAL GROUP, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, was negligent in one or more of the following respects:

> (a)  Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;
>
> (b)  Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,
>
> (c)  Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.  That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE MEDICAL GROUP, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.  Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE

MEDICAL GROUP, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### COUNT XIV

**Advocate Health and Hospitals Corporation, d/b/a Advocate Sherman Hospital – Agency – Marjorie Lynn Severson-Lenox, A.P.N. – Medical Negligence – Family Expense Act**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE MEDICAL GROUP ("ADVOCATE MEDICAL GROUP"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XIV.

32. That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, was negligent in one or more of the following respects:

    (a) Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

    (b) Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

    (c) Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33. That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE MEDICAL GROUP, by and through the

acts and/or omissions of its agent, servant, employee and/or apparent agent, SEVERSON-LENOX, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION, d/b/a ADVOCATE medical group, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XV

**Ashok Kumar–Mehta, M.D. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ASHOK KUMAR–MEHTA, M.D. ("KUMAR–MEHTA"), states as follows:

1.-31.    Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XV.

32.    That on June 17, 2015, defendant, KUMAR–MEHTA, was negligent in one or more of the following respects:

(a)    Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, KUMAR–MEHTA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.    Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ASHOK KUMAR–MEHTA, M.D., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XVI

**Ashok Kumar–Mehta, M.D. – Medical Negligence – Family Expense Act**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ASHOK KUMAR–MEHTA, M.D. ("KUMAR–MEHTA"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XVI.

32. That on June 17, 2015, defendant, KUMAR–MEHTA, was negligent in one or more of the following respects:

    (a)    Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

    (b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

    (c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33. That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, KUMAR–MEHTA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34. As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses

incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiffs is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ASHOK KUMAR–MEHTA, M.D., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

**COUNT XVII**

**Advocate Sherman Hospital – Agency – Ashok Kumar–Mehta, M.D. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XVII.

32.     That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, was negligent in one or more of the following respects:

   (a) Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

-29-

(b)    Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)    Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.    That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.    Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiff is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE SHERMAN HOSPITAL, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XVIII

**Advocate Sherman Hospital – Agency – Ashok Kumar–Mehta, M.D. – Medical Negligence – Family Expense Act**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, ADVOCATE SHERMAN HOSPITAL ("ADVOCATE SHERMAN HOSPITAL"), states as follows:

1.-31. Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XVIII.

32. That on June 17, 2015, defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, was negligent in one or more of the following respects:

(a) Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b) Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c) Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33. That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, ADVOCATE SHERMAN HOSPITAL, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34. As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiff is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, ADVOCATE SHERMAN HOSPITAL, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XIX

**Well Care Neonatologists, S.C. – Agency – Ashok Kumar–Mehta, M.D. – Medical Negligence – Personal Injury**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, WELL CARE NEONATOLOGISTS, S.C. ("WELL CARE NEONATOLOGISTS"), states as follows:

1.-31.   Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XIX.

32.     That on June 17, 2015, defendant, WELL CARE NEONATOLOGISTS, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, was negligent in one or more of the following respects:

(a)     Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)     Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)     Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.     That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, WELL CARE NEONATOLOGISTS, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiff is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, WELL CARE NEONATOLOGISTS, S.C., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## COUNT XX

**Well Care Neonatologists, S.C. – Agency – Ashok Kumar–Mehta, M.D. – Medical Negligence – Family Expense Act**

Plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, by and through their attorneys, Burke Wise Morrissey & Kaveny, complaining of defendant, WELL CARE NEONATOLOGISTS, S.C. ("WELL CARE NEONATOLOGISTS"), states as follows:

1.-31.  Plaintiffs restate, reallege and specifically incorporate paragraphs 1 through 31 as though fully set forth in this Count XX.

32.     That on June 17, 2015, defendant, WELL CARE NEONATOLOGISTS, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, was negligent in one or more of the following respects:

(a)     Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

(b)     Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

(c)     Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

33.     That as a direct and proximate result of one or more of the above-mentioned negligent acts or omissions by defendant, WELL CARE NEONATOLOGISTS, by and through the acts and/or omissions of its agent, servant, employee and/or apparent agent, KUMAR–MEHTA, ALMA ADELINA ESPINOZA MANZANARES, suffered injuries of a personal and pecuniary nature resulting in permanent harm and disability.

34.     As a further direct and proximate result of one or more of all of the acts of negligence recited herein, plaintiff, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, has and may have in the future become responsible for medical, hospital, rehabilitation, and healthcare expenses incurred on behalf of ALMA ADELINA ESPINOZA MANZANARES pursuant to the provisions of the Illinois Family Expense Act (750 ILCS 65/15).

35.     Pursuant to the Illinois Code of Civil Procedure, Section 2-622, the Affidavit of the attorney for the plaintiff is attached hereto as Exhibit A, along with a report of a qualified health professional as Exhibit B.

WHEREFORE, plaintiffs, ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES demand judgment against defendant, WELL CARE NEONATOLOGISTS, S.C., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### JURY DEMAND

Plaintiffs demand trial by jury on all Counts of their Complaint.

By:_____

Francis P. Morrissey
fpm@bwmklaw.com
Illinois State Bar I.D. No. 6216580
Michael L. Gallagher
mlg@bwmklaw.com
Illinois State Bar I.D. No. 6281432
Burke Wise Morrissey & Kaveny
161 North Clark Street, Suite 3250
Chicago, Illinois 60601
(312) 580-2040
(312) 580-2041



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division

330 C Street. S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201

May 5, 2016

**REFER TO: 2016-0381**

Francis P. Morrissey, Esquire
Burke, Wise, Morrissey & Kaveny, LLC
161 North Clark Street, Suite 3250
Chicago, Illinois 60601

> **RE: Alma Manzanares, Individually, and as mother and next friend of Baby Alma Manzanares Espinoza**

Dear Mr. Morrissey:

This will acknowledge receipt of your client's claim relating to personal injuries sustained to the claimant's baby, Alma Manzanares Espinoza on June 17, 2015, as the result of labor and delivery care rendered Ms. Manzanares by alleged employees of the Greater Elgin Family Care Center, in Elgin, New York. Your client's claim and one set of medical records were received in this office on May 4, 2016, for consideration and reply.

The Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. 233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 U.S.C. § 201, provides that the **Federal Tort Claims Act** is the exclusive remedy for injuries, including death, caused by <u>employees of a deemed Community Health Center</u> which occurred on or about January 1, 1993, **or when the Health Center was deemed eligible for coverage.**

**In order to properly evaluate your client's claim for damages, please submit the following required evidence to this office, at the address listed above:**

1) **This office requires THREE COPIES of private, non-Health Center medical records; Please forward TWO MORE COPIES of records;**

   Since the records are voluminous, they may be sent to this office on CD, provided that you supply **TWO IDENTICAL COPIES of the CD;**



**EXHIBIT**

A

- 2 -

**PLEASE NOTE THAT CD'S MUST BE SENT TO THIS OFFICE USING FED EX, UPS OR DHL.**

2) One copy of all pertinent medical bills;

3) Evidence substantiating any economic loss claimed as damages;

4) Any other evidence or information which may have a bearing on the involved Health Center and/or the employees involved for the injuries claimed;

**IT IS RECOMMENDED THAT ALL EVIDENCE BE SUBMITTED TO THIS OFFICE VIA FED EX, UPS OR DHL, DUE TO THE RADIATION PROCESS USED BY THE U.S. POSTAL SERVICE FOR THE DELIVERY OF MAIL TO ALL FEDERAL BUILDINGS IN THE WASHINGTON, D.C. AREA.**

Upon receipt of the additional copies of the medical records, a medical review by an appropriate specialist will be performed to assess the merits of your client's claim. When the review process has been completed, you will be notified in writing. **However, should the six month statute expire before the completion of the medical review, you may consider the claim deemed denied and file suit in the appropriate U.S. District Court (45 C.F.R. § 35.2(b) and 28 U.S.C. § 2675(a)).**

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time. By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her claim within THREE MONTHS after a request has been made, may be deemed an abandonment of the claim. Further, a claimant's failure to provide requested evidence during the administrative claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative claim. See <u>Swift v. United States</u>, 614F.2d812 (1st Cir. 1980).

**PLEASE BE ADVISED THAT STATUS INFORMATION REGARDING CLAIMS IN OUR OFFICE IS UNAVAILABLE.**

Yours truly,

Linda A. Vincent
Paralegal Specialist
Claims Office



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

OFFICE OF THE GENERAL COUNSEL
General Law Division/CELB

330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201

SEP 1 3 2016

**CERTIFIED - RETURN**
**RECEIPT REQUESTED**

Francis P. Morrissey, Esquire
Burke, Wise, Morrissey & Kaveny, LLC
161 North Clark Street
Suite 3250
Chicago, Illinois 60601

      RE:     Administrative Claim of: Alma Manzanares, individually
                and as Mother and Next Friend of Baby Alma Manzanares
                Espinoza    2016-0381

Dear Mr. Morrissey:

On May 4, 2016, you filed an administrative tort claim under the Federal
Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680, on
behalf of your client, Alma Manzanares, individually, and as Mother and
Next Friend of Baby Alma Manzanares, alleging, *inter alia,* that employees
at the Greater Elgin Family Care Center were negligent in their delivery
of Alma Manzanares Espinoza on June 17, 2015, resulting in severe and
permanent birth injuries.

The FTCA authorizes the settlement of any claim of money damages against
the United States for, *inter alia,* injury or death caused by the
negligent, or wrongful, act or omission of any employee of the Federal
Government, while acting within the scope of employment. Under the FTCA,
said act or omission must be such that the United States, if a private
person, would be liable to the claimant in accordance with the law of the
place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination on this claim,
as required by 28 U.S.C. § 2401(b), 2675(a). Your client's administrative
tort claim is denied.

If your client is dissatisfied with this determination, she may:

    1. file a written request with the agency for reconsideration of the
    final determination denying the claims within six (6) months from the
    date of mailing of this determination (28 C.F.R. § 14.9); or



**EXHIBIT**

B

Francis P. Morrissey, Esquire
2016-0381
Page 2

    2. file suit against the United States in the appropriate federal
district court within six (6) months from the date of mailing of this
determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the agency will review
the claim within six (6) months from the date the request is received.  If
the reconsidered claim is denied, you may file suit within six (6) months
from the date of mailing of the final determination.

                  Sincerely,

                  William A. Biglow
                  Deputy Associate General Counsel
                  Claims and Employment Law Branch

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALMA MANZANARES, Individually and as Mother and Next Friend of ALMA ADELINA ESPINOZA MANZANARES, a Minor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| THE UNITED STATES OF AMERICA; ADVOCATE SHERMAN HOSPITAL, an Illinois corporation; TATIANA PEREIRA DACUNHA, M.D.; MARJORIE LYNN SEVERSON-LENOX, A.P.N.; ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE MEDICAL GROUP, an Illinois corporation; ASHOK KUMAR–MEHTA, M.D.; and, WELL CARE NEONATOLOGISTS, S.C., an Illinois corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622

FRANCIS P. MORRISSEY, duly sworn upon oath, deposes and states as follows:

1.      I am an attorney with the law firm of Burke Wise Morrissey & Kaveny and am duly licensed to practice law in the State of Illinois.

2.      I have consulted and reviewed the case with health professionals, who I reasonably believe: (i) are knowledgeable in the relevant issues involved in this particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last six (6) years in the same area of health care or medicine that is at issue in this particular action; and (iii) are qualified by experience or demonstrated competence in the subject of this case.



EXHIBIT
C

3.      The healthcare professionals have determined in the attached written reports, after a review of the medical record and other relevant material involved in this particular action that a reasonable health professional would have informed the patient of the consequences of the medical treatment and procedures.

4.      The healthcare professionals have also determined in written reports, after a review of the medical record and other relevant material involved in this particular action that there is a reasonable and meritorious cause for filing of a cause of action against The United States of America and its employees, Greater Elgin Family Care Center and Diane Lynn Smith, C.N.M.; and Tatiana Pereira Dacunha, M.D.; Marjorie Lynn Severson-Lenox, A.P.N.; Advocate Health and Hospitals Corporation d/b/a Advocate Medical Group, Ashok Kumar-Mehta, M.D.; and, Well Care Neonatologists, S.C. who were involved in the care and treatment of Alma Manzanares and Alma Adelina Espinoza Manzanares, a Minor on or about June 17, 2015, for breaches of the applicable standard of care as reflected in the attached reports.

5.      I have concluded on the basis of the reviewing healthcare professionals' review and consultation that there is a reasonable and meritorious cause for filing of such action.

6.      A copy of the written reports of the healthcare professions, physicians licensed to practice medicine in all its branches, who are qualified by experience with the standard of care, methods, procedures and treatments relevant to the allegation at issue in this case against The United States of America and its employees, Greater Elgin Family Care Center and Diane Lynn Smith, C.N.M.; and Tatiana Pereira Dacunha, M.D.; Marjorie Lynn Severson-Lenox, A.P.N.; Advocate Health and Hospitals Corporation d/b/a Advocate Medical Group, Ashok Kumar-Mehta, M.D.; and, Well Care Neonatologists, S.C. are attached hereto.

FURTHER AFFIANT SAYETH NAUGHT.


Francis P. Morrissey


SUBSCRIBED and SWORN TO before
me this 1⊙ of December, 2016


Notary Public

"OFFICIAL SEAL"
Norene B. Jankowiak
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 3/03/19


Francis P. Morrissey
fpm@bwmklaw.com
Illinois State Bar I.D. No. 6216580
Burke Wise Morrissey & Kaveny
161 North Clark Street, Suite 3250
Chicago, Illinois 60601
(312) 580-2040
(312) 580-2041

April 19, 2016

Francis P. Morrissey
Burke Wise Morrissey Kaveny
161 N. Clark
Suite 3250
Chicago, IL 60601

      *Re: Alma Manzanares*
      *Your File No.: 15-51*

Dear Mr. Morrissey:

    At your request, I have reviewed the medical records pertaining to the birth of Alma Manzanares Espinoza. The records I have reviewed are as follows:

    **Sherman Hospital**
    Delivery Records/FHTs (6/17-6/18/15)
    Newborn Records (6/17-6/18/15)
    NSTS (x7)

    **Greater Elgin Family Care Center**
    Prenatal Record

    As you know, I am a physician licensed to practice medicine in all of its branches. I specialize in the field of Obstetrics and Gynecology, with a subcertification in Maternal-Fetal Medicine and am board certified in both.



**EXHIBIT**

D

Based upon my review of the records, Alma Manzanares, was a gestational diabetic who was managed by nurse midwives while in labor at Sherman Hospital. She was admitted on June 17, 2015 at 3:29 a.m. The Electronic Fetal Monitor (EFM) tracing showed a reassuring tracing upon admission, which is indicative of fetal well-being. Ms. Manzanares progressed slowly through labor; upon admission she was 3 centimeters dilated. Sixteen hours later at 7:47 p.m., she was 10 centimeters dilated and ready to begin the second stage of labor involving maternal efforts of pushing, however, she had never been seen or assessed by a physician or nurse midwife since admission.

Diane Smith, CNM, of Greater Elgin Family Care Center, arrived at 8:09 p.m.; Ms. Manzanares began pushing two minutes later. Descent with pushing was documented at 8:19 p.m. and 8:25 p.m. At 8:39 p.m., the fetal tracing was lost until delivery 21 minutes later. During labor, it is important to continuously monitor the fetus, particularly during the second stage, in order to identify hypoxic episodes for the fetus.

Baby Alma's head was delivered at 8:47 or 8:48 p.m., but her shoulders became lodged in her mother's pelvis; this is also known as a shoulder dystocia, which is an obstetrical emergency. Diane Smith, CNM, was unable to deliver the baby. Dr. Miller arrived at 8:52 p.m., but was unable to deliver the baby. Dr. Estes arrived at 9 p.m. and was able to successfully deliver Baby Alma at 9:01 p.m., 21 minutes after the loss of tracing.

Alma was born with Apgar scores of 0/0/0/0/1/1 at 1, 5, 10, 15, 20, and 30 minutes of age. These scores are indicative of an asphyxiated baby. She was ultimately transferred to Lutheran General Hospital for higher level of care.

It is my opinion, based upon a reasonable degree of medical certainty in the field of obstetrics and gynecology, that there is a reasonable and meritorious basis for bringing a cause of action against Diane Smith, CNM and Greater Elgin Family Care Center. Further it is my opinion that Midwife Smith deviated from the standard of care required of her in the following respects:

a) Failed to come and assess Ms. Manzanares during the active phase of labor;
b) Failed to place an internal fetal scalp electrode at 8:39 p.m., during the second stage of labor;
c) Failed to monitor fetal well-being;
d) Failed to recognize the presence of fetal jeopardy during the course of labor; and,
e) Failed to perform appropriate maneuvers to relieve shoulder dystocia including corkscrew maneuver, performing a large episiotomy, and delivering the posterior arm.

Page 3
April 19, 2016


It is my opinion based upon a reasonable degree of medical certainty that one or more of the foregoing acts or omissions were a proximate cause of the injuries sustained by Alma Manzanares Espinoza.

Sincerely,

April 13, 2016

Francis P. Morrissey
Burke Wise Morrissey Kaveny
161 North Clark Street, Suite 3250
Chicago, Illinois 60601

      *Re:*    *Alma Manzanares*

Dear Mr. Morrissey:

At your request, I have reviewed the medical records pertaining to the birth of Alma Manzanares Espinoza. The records I have reviewed are as follows:

**Sherman Hospital**
–     Delivery Records/FHTs (6/17-6/18/15)
–     Newborn Records (6/17-6/18/15)
–     NSTS (x7)

**Greater Elgin Family Care Center**
–     Prenatal Record

As you know, I am a physician licensed to practice medicine in all of its branches. I specialize in the field of Pediatrics, with a sub-certification in Neonatal-Perinatal Medicine.

Based upon my review of the records, Alma Manzanares was a gestational diabetic who was managed by nurse midwives while in labor at Sherman Hospital. She was admitted on June 18, 2015 at 3:20 a.m. The Electronic Fetal Monitor (EFM) tracing showed a reassuring tracing upon admission, which is indicative of fetal well-being. Ms. Manzanares progressed slowly through labor; upon admission she was 3 centimeters dilated. Sixteen hours later at 7:47 p.m., she was 10 centimeters dilated and ready to push her baby out, however, she had never been seen or assessed by a physician or nurse midwife since admission.

April 13, 2016

Diane Smith, CNM, of Greater Elgin Family Care Center, arrived at 8:09 p.m.; Ms. Manzanares began pushing two minutes later. Descent with pushing was documented at 8:19 p.m. and 8:25 p.m. At 8:39 p.m., the fetal tracing was lost until delivery twenty-one minutes later.

Baby Alma's head was delivered at 8:47 p.m. or 8:48 p.m., but her shoulders became lodged in her mother's pelvis; this is also known as a shoulder dystocia. Diane Smith, CNM, was unable to deliver the baby. Dr. Miller arrived at 8:52 p.m., but was unable to deliver the baby. Dr. Estes arrived at 9 p.m. and was able to successfully deliver Baby Alma at 9:01 p.m., twenty-one minutes after the loss of tracing.

Baby Alma was born with Apgar scores of 0/0/0/0/1/1 at 1, 5, 10, 15, 20, and 30 minutes of age. These scores are consistent with the diagnosis of asphyxia. Baby Alma's arterial Ph was 7.067 with a base excess of -6.7; her venous Ph was 7.25 with a base excess of -6.6. These base deficit results are not associated with an impaired outcome.

Margie Lenox, Neonatal Nurse Practitioner (*NNP*) was unable to intubate Baby Alma at birth. Dr. Pereira, pediatric hospitalist, intubated Baby Alma at seven minutes of life. Epinephrine was then given down the endotracheal tube twice without a change in her condition.

An umbilical venous catheter *(UVC)* was inserted at twelve minutes of life. Additional doses of Epinephrine were given via the UVC. At 20 minutes of age, Baby Alma had a heart rate of 120 bpm, which is the normal rate for a term newborn. She was also noted to have pale pink color at this time, which was improved from her pale color at birth. No further vital signs were noted by the staff until over an hour later. The documented Apgar score at twenty minutes of life was not properly documented.

Life support was discontinued at 9:37 p.m., sixteen minutes after obtaining a normal heart rate and assessment of pale pink skin color. Ms. Manzanares was given her baby to hold while Baby Alma was expected to die. Ms. Manzanares did not want the resuscitation team to stop providing care. She in fact called 911, desperate for help for her baby girl, but was told that since she was in the hospital already, they could not respond to the call.

April 13, 2016

The nursery staff returned to give care at 10:29 p.m. Baby Alma's heart rate was 139 bpm, again a normal heart rate for a newborn. She was ultimately transferred to Lutheran General Hospital for higher level of care.

It is my opinion, based upon a reasonable degree of medical certainty in the field of pediatrics and neonatal medicine, that there is a reasonable and meritorious basis for bringing a cause of action against Margie Lenox, NNP, Dr. Tatiana Periera Dacunha, and Dr. Ashok K. Mehta. Further it is my opinion that they deviated from the standard of care required of them in the following respects:

1. Failed to timely and properly resuscitate Baby Alma and to document resuscitative efforts and results;

2. Failed to obtain follow-up blood gases in a previously non-acidotic baby after normalization of Baby Alma's heart rate with extensive resuscitative efforts; and,

3. Improperly stopped all resuscitative measures and extubated Baby Alma despite improving signs of bilateral breath sounds, blood pressure and heart rate without documentation of progressive acidosis or parental consent.

April 13, 2016

It is my opinion based upon a reasonable degree of medical certainty that one or more of the foregoing acts or omissions caused or contributed to cause the injuries sustained by Alma Manzanares Espinoza.

Very truly yours,

April 28, 2016

Francis P. Morrissey
Burke Wise Morrissey & Kaveny
161 North Clark Street
Suite 3250
Chicago, Illinois 60601

**Re: Alma Manzanares**

Dear Mr. Morrissey:

At your request, I have reviewed the medical records pertaining to the birth of Alma Manzanares Espinoza. The records I have reviewed are as follows:

        **Advocate Sherman Hospital**
        Delivery Records/FHTs (06/17-06/18/15)
        Newborn Records (06/17-06/18/15)
        NSTS (x7)

        **Greater Elgin Family Care Center**
        Prenatal Record

As you know, I am a certified nurse midwife. Based upon my review of the records, Alma Manzanares was a gestational diabetic who was managed by nurse midwives while in labor at Advocate Sherman Hospital. She was admitted on June 17, 2015 at 3:29 a.m. The Electronic Fetal Monitor (EFM) tracing showed a reassuring tracing upon admission, which is indicative of fetal well-being. Ms. Manzanares progressed slowly through labor; upon admission she was three centimeters dilated. Sixteen hours later at 7:47 p.m., she was 10 centimeters dilated and ready to begin the second stage of labor involving maternal efforts of pushing; however, she had never been seen or assessed by a physician or nurse midwife since admission.

Diane Smith, CNM, of Greater Elgin Family Care Center, arrived at 8:09 p.m.; Ms. Manzanares began pushing two minutes later. Descent with pushing was documented at 8:19 p.m. and 8:25 p.m. At 8:39 p.m., the fetal tracing was lost until delivery twenty-one minutes later. During labor, it is important to continuously monitor the fetus, particularly during the second stage, in order to identify hypoxic episodes for the fetus.

Francis P. Morrissey
April 28, 2016
Page 2

Baby Alma's head was delivered at 8:47 or 8:48 p.m., but her shoulders became lodged in her mother's pelvis; this is also known as a shoulder dystocia, which is an obstetrical emergency. Diane Smith, CNM, was unable to deliver the baby. Dr. Miller arrived at 8:52 p.m., but was unable to deliver the baby. Dr. Estes arrived at 9:00 p.m. and was able to successfully deliver Baby Alma at 9:01 p.m., 21 minutes after the loss of tracing.

Alma was born with Apgar scores of 0/0/0/0/1/1 at 1, 5, 10, 15, 20, and 30 minutes of age. These scores are indicative of an asphyxiated baby. She was ultimately transferred to Advocate Lutheran General Hospital for a higher level of care.

It is my opinion, based upon a reasonable degree of medical certainty in the field of obstetrics and gynecology, that there is a reasonable and meritorious basis for bringing a cause of action against Diane Smith, CNM and Greater Elgin Family Care Center. Further, it is my opinion that Midwife Smith deviated from the standard of care required of her in the following respects: Failed to come and assess Ms. Manzanares during the active phase of labor;

1. Failed to place an internal fetal scalp electrode at 8:39 p.m., during the second stage of labor;
2. Failed to monitor fetal well-being;
3. Failed to recognize the presence of fetal jeopardy during the course of labor; and,
4. Failed to perform appropriate maneuvers to relieve shoulder dystocia including corkscrew maneuver, performing a large episiotomy, and delivering the posterior arm.

It is my opinion based upon a reasonable degree of medical certainty that one or more of the foregoing acts or omissions were a proximate cause of the injuries sustained by Alma Manzanares Espinoza.

Very truly yours,